IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DEBORAH RENAUD,

    Plaintiff,

    vs.                                      No. CIV 99-0803 JC/WWD

EVANGELICAL LUTHERAN GOOD SAMARITAN
SOCIETY, a foreign corporation, et al.,

    Defendants.

## MEMORANDUM OPINION AND ORDER FOR REMAND

THIS MATTER comes before the Court upon Plaintiff's Motion for Remand, filed August 13, 1999 *(Doc. 4)*. Plaintiff argues that remand is appropriate in this case because Defendants have failed to establish an amount in controversy in excess of $75,000 and so cannot establish diversity jurisdiction under 28 U.S.C. § 1332. Plaintiff also asks the Court to award the costs she incurred in bringing this Motion for Remand.

### I.    Background

The Notice of Removal (from the Second Judicial District, County of Bernalillo No. CV-99-06746) at ¶ 3, filed July 20, 1999 *(Doc. 1)* states that "[t]he amount in controversy exceeds $75,000 exclusive of interest and costs." The Complaint for Intentional Interference with Prospective Contractual Relation and Defamation (Complaint), filed July 2, 1999 in the New Mexico Second Judicial District Court, does not allege any specific amount of damages. Plaintiff simply states in the Complaint that she seeks front and back pay as well as punitive damages.

At the time Plaintiff filed her Complaint, she also filed in the New Mexico Second Judicial District Court a Certification of Relief Sought Being Over $25,000 (Certification of Relief). In that Certification of Relief, Plaintiff noted that her yearly wages at Synergy Therapy would have been over $25,000. Plaintiff also attached to her Brief in Support of Motion for Remand, filed August 13, 1999 *(Doc. 5)* a settlement letter dated December 2, 1998, wherein she claimed damages in the amount of $39,000 for wages she would lose during the time she expected she would need to find a suitable job. Exhibit A.

**II.    Discussion**

"'A court lacking jurisdiction . . . must dismiss the cause at *any stage* of the proceedings in which it becomes apparent that jurisdiction is lacking.'" *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir.), *cert. denied*, 516 U.S. 863 (1995) (citations omitted). In order for diversity jurisdiction to exist, 28 U.S.C. § 1332(a) requires that the amount in controversy exceed $75,000. "The burden is on the party requesting removal to set forth, in the notice of removal itself, the '*underlying facts* supporting [the] assertion that the amount in controversy exceeds $50,000.'"[1] *Laughlin*, 50 F.3d at 873 (quoting *Gaus v. Miles, Inc.*, 980 F.2d 564, 567 (9th Cir. 1992)). Furthermore, "there is a presumption against removal jurisdiction." *Laughlin*, 50 F.3d at 873 (citing *Gaus*, 980 F.2d at 567). In *Laughlin*, the Court of Appeals for the Tenth Circuit found that

> [n]either Laughlin's [complaint] nor Kmart's notice of removal establishes the requisite jurisdictional amount in this case. The [complaint] merely alleges that the amount in controversy is in excess of $10,000 for each of two claims . . . . Kmart sets forth facts in its jurisdictional brief alleging that at the time of removal the amount in controversy was well above the jurisdictional minimum of $50,000. Kmart failed,

---

[1] At the time *Laughlin* was decided, the amount in controversy needed to exceed $50,000 exclusive of interest and costs. Effective January 17, 1997, that amount was increased to $75,000.

> however, to include any of these facts in its notice of removal . . . . Moreover, Kmart's economic analysis of Laughlin's claims for damages, prepared after the motion for removal and purporting to demonstrate the jurisdictional minimum, does not establish the existence of jurisdiction at the time the motion was made. Both the requisite amount in controversy and the existence of diversity must be affirmatively established on the face of either the [complaint] or the removal notice.

*Laughlin*, 50 F.3d at 873.

Here, Plaintiff's Complaint does not specify the amount of damages sought. Defendant's Notice of Removal merely states that the amount in controversy exceeds the jurisdictional minimum. Neither the Complaint nor the Notice of Removal set forth the "'*underlying facts* supporting [the] assertion that the amount in controversy exceeds [$75,000].'" *Laughlin*, 50 F.3d at 873 (quoting *Gaus*, 980 F.2d at 567). Even if the Could look beyond the face of the Complaint and Notice of Removal, Plaintiff asked in her settlement letter for only $39,000. Defendants also calculated compensatory damages of just $68,000 and speculated that punitive damages would amount to enough to reach the $75,000 amount in controversy. Br. in Opp. to Plaintiff's Mot. for Remand, filed Aug. 13, 1999 *(Doc. 6)*. Speculation, however, is not sufficient to establish the amount in controversy. One must present "'underlying facts.'" *Id*. Considering the above circumstances, I find that I lack subject matter jurisdiction over this cause. 28 U.S.C. § 1447(c) provides that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." Thus, remand is appropriate in this instance.

Since I find that this cause should be remanded, I must now address Plaintiff's request for an award of the costs she incurred in bringing this Motion for Remand. I initially note that the issue of amount in controversy is not a particularly complicated one. I further note that Defendants did not

appear to be acting with any kind of malice when they filed the Notice of Removal. For these reasons, I am not inclined to grant Plaintiff's request for costs.

Wherefore,

IT IS ORDERED that Plaintiff's Motion for Remand, filed August 13, 1999 *(Doc. 4),* is **granted in part**.

IT IS FURTHER ORDERED that this case is **remanded** to the Second Judicial District Court, County of Bernalillo, State of New Mexico.

IT IS ALSO ORDERED that Plaintiff's request for costs is **denied**.

DATED this 27th day of August, 1999.

                                                                                              _____
                                                                                    **CHIEF UNITED STATES DISTRICT JUDGE**

| For Plaintiff: | Daniel M. Faber |
| --- | --- |
| | Albuquerque, New Mexico |
| For Defendants: | Amanda J. Ashford |
| | Ashford & Thomas |
| | Albuquerque, New Mexico |
| | Christopher E. Hoyme |
| | Berens & Tate, P.C. |
| | Omaha, Nebraska |